**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**JULIENE RICHARDSON**                                                                                    **PLAINTIFF**

v.                              **CASE NO. 3:10CV00147 BSM**

**MICHAEL J. ASTRUE, COMMISSIONER**
**OF SOCIAL SECURITY ADMINISTRATION**                                        **DEFENDANT**

**ORDER**

Plaintiff Juliene Richardson appeals the final decision of the Commissioner of the Social Security Administration denying her claim for supplemental security income and disability insurance benefits. Both parties have submitted appeal briefs. [Doc. Nos. 11, 13]. The Commissioner's decision is AFFIRMED because it is supported by substantial evidence.

**I. INTRODUCTION**

Richardson applied for a period of disability and disability insurance benefits on December 28, 2006. Richardson also applied for supplemental security income on that same date. Both applications were based on an alleged disability beginning June 1, 2006. Her application was initially denied on April 10, 2007, and denied upon reconsideration on July 6, 2007. In his May 29, 2009 decision, the Administrative Law Judge[1] (ALJ) concluded that Richardson had not been under a disability within the meaning of the Social Security Act because she has the residual functional capacity to perform the full range of sedentary work.

---

[1] W. Thomas Bundy, Administrative Law Judge.

The appeals council denied Richardson's request for a review of the ALJ's decision on May 7, 2010, and she timely commenced this appeal on July 8, 2010.

## II. LEGAL STANDARD

In its judicial review of a decision denying benefits, a district court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g); *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, evidence that both detracts from the Commissioner's decision as well as evidence that supports it must be considered. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). The Commissioner's decision, however, will not be reversed merely because substantial evidence would have supported an opposite decision. *Id.*

## III. DISCUSSION

Richardson, a forty-three-year-old-female at the time of her hearing, is seeking benefits related to post-polio syndrome. Richardson has a high school diploma and has past work experience as a security guard. She has not worked since June 1, 2006.

The ALJ considered Richardson's impairments by way of the required five-step sequential evaluation process. 20 C.F.R. § 416.920. At step one, he found that Richardson had not engaged in substantial gainful activity since the application date. 20 C.F.R. §§

404.1571 *et seq.*, and 416.971 *et seq.* At step two, the ALJ found that Richardson's post-polio syndrome causes more than minimal limitations to her ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c) and 4169.920(c). At step three, the ALJ found that none of her impairments equaled a listed impairment under 20 C.F.R. §§ 404.1525, 404.1526, 416.925, and 416.926.

Before reaching step four, the ALJ was required to determine Richardson's residual functional capacity. At this point, he found that Richardson had the residual functional capacity to perform the full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a). The ALJ also examined the evidence and testimony offered at the hearing and found that Richardson's impairment could reasonably be expected to cause the symptoms she alleges, but that her statements concerning the intensity, persistence, and limiting effects of those symptoms are not credible to the extent they were inconsistent with the residual functional capacity assessment. There was not objective medical evidence sufficient to compel a conclusion that Richardson has a critically significant limitation of function as a result of her post-polio syndrome, despite Richardson's testimony to the contrary.

The ALJ then moved to step four and determined that Richardson is unable to perform any past relevant work experience. 20 C.F.R. §§ 404.1565 and 416.965. The ALJ then proceeded to step five under the assumption that Richardson could not perform any past relevant work and found, based upon Richardson's age, education, work experience, and

residual functional capacity, that there are jobs that exist in significant numbers in the national economy that the claimant can perform. 20 C.F.R. §§ 404.1569, 4040.1569a, 416.969, and 416.969a. For this reason, the ALJ found that Richardson was not disabled since June 1, 2006. 20 C.F.R. § 404.1520(g) and 416.920(g).

On appeal, Richardson asserts that the ALJ's findings are not supported by the record as the ALJ erred in determining that Richardson does not have an impairment that meets or equals a listed impairment, that the ALJ erred in giving great weight to the opinion of a Dr. Payne, that the ALJ erred in failing to use a vocational expert, that the ALJ erred in his determination of Richardson's residual functional capacity, and that the ALJ erred in failing to obtain a residual functional capacity opinion. Those five issues are consolidated and reframed into the three issues below. The Commissioner maintains that substantial evidence supports the ALJ's findings.

A.  Substantial Evidence in the Record

The Commissioner's decision is supported by substantial evidence.

*1. Whether Richardson's Impairment Meets a Listing*

Richardson argues that the ALJ improperly found that her impairments did not meet or equal Listing 11.11 for anterior poliomyelitis. Richardson also argues that the ALJ ascribed too much weight to the opinion of Dr. Bill Payne. The Commissioner argues that though Richardson has a severe impairment in post-polio syndrome, this condition does not meet or equal the requirements of Listing 11.11 at step three. Additionally, the

Commissioner argues that the ALJ can rely on a physician designated by the Commissioner who concludes that a claimant's impairment was not equivalent to a listing.

The Step 3 determination is based on medical evidence. *Ingram v. Chater*, 107 F.3d 598, 602 (8th Cir. 1997); 20 C.F.R. §§ 404.1526(b), 416.926(b) (2002). The question of whether a plaintiff meets a listed impairment is strictly a medical determination. *Cockerham v. Sullivan*, 895 F.2d 492, 496 (8th Cir. 1990); 20 C.F.R. §§ 404.1526(b), 416.926(b). Listing 11.11 requires a diagnosis of post-polio syndrome and Richardson must meet one of three symptoms (persistent difficulty with swallowing or breathing, unintelligible speech, or disorganization of motor function). 20 C.F.R. § 404, subpt. P, app.1. At the hearing, Richardson testified to having difficulty breathing, swallowing, cramps in her hands, joint pain, and fatigue. The ALJ found her testimony to be largely credible, but found that "[g]iven the laboratory findings in the record, in addition to the doctors' progress notes, and other documentary evidence, the claimant falls short of satisfying criteria for post-polio syndrome." [Tr. 12]. In short, though the ALJ gave weight to Richardson's testimony and did not discredit it, the objective medical evidence did not support her testimony. The medical evidence in the record objectively shows that Richardson does not meet one of the three symptoms required for Listing 11.11. *See* Tr. 180, 209, 231, 266.

Richardson argues that the ALJ was required to consult with Richardson's treating physicians or a consultive physician and should not have given "great weight" to the opinion of Dr. Payne. The ALJ is entitled to rely on the opinions of reviewing physicians when

5

considering whether the claimant meets the requirements of a listed impairment. *Ostronski v. Chater*, 94 F.3d 413, 417 (8th Cir. 1996). The judgment of a physician or psychologist designated by the Commissioner on the issue of whether a claimant has impairments that equal a Listing must be received into the record as expert opinion evidence and given appropriate weight. Social Security Ruling 96-6p at 3. Those opinions may be entitled to greater weight than the opinions of treating or examining sources. *Id.* Dr. Payne considered the objective medical evidence present and offered his opinion that Richardson could perform "light work." [Tr. 13, 33-34, 237]. Additionally, another physician, Dr. Redd, reviewed the evidence and Dr. Payne's opinion upon reconsideration and verified that determination. [Tr. 9, 35-36, 258-60]. Richardson cites several cases to support her argument that an ALJ's reliance on a consulting physician's opinion is not substantial evidence. *Thompson v. Bowen*, 850 F.2d 346 (8th Cir. 1988); *Laurer v. Apfel*, 245 F.3d 700 (8th Cir. 2001); *Onstead v. Sullivan*, 962 F.2d 803 (8th Cir. 1992). Richardson stretches these cases too far as they involve situations where the consulting physician's opinion contradicts that of the treating physician. That is not the case here.

The ALJ properly examined the objective medical records, Richardson's testimony, and the opinion of Dr. Payne and was not required to consult with treating physicians or consultive physicians. It is only necessary to seek additional clarifying statements from a treating physician when a crucial issue is undeveloped. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). An ALJ is required to re-contact medical sources and may order

consultative evaluations only if the available evidence does not provide an adequate basis for determining the merits of the disability claim. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). There was substantial evidence in the record for Dr. Payne and the ALJ to determine that Richardson's impairments did not meet Listing 11.11 and consultation with a treating physician was unnecessary.

*2. Assessment of Residual Functional Capacity*

Richardson argues that the ALJ improperly assessed her residual functional capacity in not assessing her abilities on a function-by-function basis and not obtaining an opinion on residual functional capacity. The Commissioner argues that the ALJ is not required to discuss a claimant's abilities on a function-by-function basis, but instead must explain how the evidence supports conclusions about a claimant's limitations. Additionally, the Commissioner argues that another opinion on residual functional capacity was not required as the ALJ's assessment was supported by medical evidence.

An ALJ bears the primary responsibility for assessing a claimant's residual functional capacity based on all the evidence. *See Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). The ALJ must determine the claimant's residual functional capacity based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of her limitations. *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003). Richardson argues that the ALJ needed to perform a "function-by-function" assessment of her abilities as required by Social Security Ruling 96-8p. The ALJ's residual

functional capacity determination clearly included physical and mental functioning, as required by Ruling 96-8p. Consistent with the Ruling, the ALJ narratively discussed medical evidence, symptoms, subjective complaints and other evidence, recognized that Richardson's impairments created limitations and incorporated those limitations into the residual functional capacity. [Tr. 12-13]. The ALJ properly examined the objective medical evidence as to Richardson's range of motion and strength and noted that the medical evidence points to "normal outcomes from nerve conduction studies, from spine films, from clinic assessments[.]" [Tr. 13]. Indeed, the medical evidence from the time that Richardson claims an onset of disability bears out the ALJ's finding. [Tr. 181, 187-95, 210, 247-48, 267-68]. Richardson argues that the ALJ is required to consider her own description of pain and limitations and cites *Masterson v. Barnhart*. 363 F.3d 731, 738 (8th Cir. 2004). In fact, that case properly holds that the ALJ should assess "a claimant's residual functional capacity based on all relevant evidence. *Id.* at 737-38. This includes not only the claimant's subjective complaints, but medical evidence. *Id.* at 738. A fair reading of the ALJ's opinion reveals that he properly determined Richardson's residual functional capacity.

Richardson also argues that the ALJ should have procured an opinion on residual functional capacity. Plaintiff cites in support of this argument *Nevland v. Apfel*. 204 F.3d 853 (8th Cir. 2000). In that case, there was no medical evidence as to how the claimant's impairments affected his ability to function. That is not the case here, the medical evidence in the record bears out the ALJ's finding that Richardson can return to sedentary work. An

ALJ is required to re-contact medical sources and may order consultative evaluations only if the available evidence does not provide an adequate basis for determining the merits of the disability claim. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). The ALJ properly examined the evidence in the record and his conclusion is supported by substantial evidence.

### 3. Use of a Vocational Expert

Richardson argues that the ALJ erred in not taking into account her non-exertional functional limitations and not using a vocational expert when it was determined that she could not perform her past work. The Commissioner argues the ALJ properly found that Richardson's subjective complaints were not fully credible and was, thus, entitled to use the grid rules and dispense with the need for a vocational expert.

The ALJ determined at step four that Richardson was unable to perform her past relevant work experience. [Tr. 13-14]. In step five, the ALJ determined based upon her age, work experience, education, and her residual functional capacity to do sedentary work that Richardson was not disabled based on the medical vocational guidelines, specifically grid rule 201.27. [Tr. 14]. Richardson argues that her non-exertional impairments preclude the ALJ from applying the grid rules and that, instead, a vocational expert should have been called. Richardson cites *McCoy v. Schweiker* in support of her argument that non-exertional impairments mandate the use of a vocational expert. 683 F.2d 1138 (8th Cir. 1982). *McCoy* does not stand for that proposition. If an individual has a combination of exertional and

non-exertional impairments, the Guidelines are first considered to determine whether she is entitled to a finding of disability based on exertional impairments alone. 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(e)(2); *McCoy v. Schweiker*, 683 F.2d 1138, 1148 (8th Cir. 1982). The ALJ may use the Guidelines even though there is a non-exertional impairment if the ALJ finds, and the record supports that finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities in the Guidelines. *Thompson v. Bowen*, 850 F.2d 346, 349-50 (8th Cir. 1988). Even if an ALJ fails to call a vocational expert, it is not reversible error if there is substantial evidence on the whole record that a claimant's non-exertional impairment does not significantly limit her exertional capabilities. *Dawson v. Bowen*, 815 F.2d 1222, 1227 (8th Cir. 1987). Where, as here, the ALJ properly discredited a claimant's subjective complaint of non-exertional impairment, the ALJ is not required to consult a vocational expert and may properly rely on the Guidelines at Step 5. *Reynolds v. Chater*, 82 F.3d 254, 258-59 (8th Cir. 1996). The record firmly supports the ALJ's finding that Richardson had no non-exertional impairments that significantly affected her residual functional capacity to perform a full range of sedentary work activities. The ALJ appropriately relied on the Guidelines to find that Richardson could perform other work that exists in adequate numbers in the national economy and that Richardson is not disabled.

## IV. CONCLUSION

The Commissioner's decision is hereby affirmed.

IT IS SO ORDERED this 28th day of September 2011.

                                                    /s/ Brian S. Miller
                                                   UNITED STATES DISTRICT JUDGE